UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK CRUZ, | : |
| Petitioner, | : Civ. No. 13-2495 (RBK) |
| v. | : **OPINION** |
| JORDAN HOLLINGSWORTH, | : |
| Respondents. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The thrust of petitioner's habeas petition is that his federal sentence should run concurrently to his state sentence. For the following reasons, the habeas petition will be transferred to the United States District Court for the Southern District of New York.

## II.   BACKGROUND

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York in July, 2010.[1] (*See* S.D.N.Y. No. 10-5460.) In that petition, petitioner challenges the denial by the Federal Bureau of Prisons ("BOP") of his request for a *nunc pro tunc* designation so that his state and federal sentences can run concurrently. (*See* S.D.N.Y. No. 10-5460 Dkt. No. 17 at p. 1.) A Magistrate Judge recommended that that habeas petition be dismissed on March, 22, 2013. (*See id.* at p. 31.) However, a final ruling on that

---

[1] The petitioner in the Southern District of New York action is named David Cruz. However, documents indicate that petitioner uses both David and Derrick Cruz. (*See* Dkt. No. 1-2 at p. 36-38.)

habeas petition has not been entered by the Southern District of New York. Thus, that habeas petition remains pending.

After the Magistrate Judge in the Southern District of New York recommended that the habeas petition be dismissed, petitioner filed the instant § 2241 habeas petition in this Court in April, 2013. Similar to petitioner's habeas petition filed in the Southern District of New York, he makes several arguments in this habeas petition that his state and federal sentences should run concurrently.

Respondent claims that this Court should dismiss the habeas petition filed in this Court as second or successive pursuant to 28 U.S.C. § 2244. Alternatively, respondent argues that this Court should stay this matter until the pending litigation in the Southern District of New York is resolved.

### III. ANALYSIS

Section 2244(a) of Title 28 of the United States Code states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). The Third Circuit has held that this provision applies to petitions brought pursuant to 28 U.S.C. § 2241. *See Henderson v. Bledsoe*, 396 F. App'x 906, 907 (3d Cir. 2010) (per curiam) (citing *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008)). In *Henderson*, the Third Circuit found that the District Court had properly dismissed the petitioner's § 2241 petition because he raised the same issues decided in his previous habeas petition. *See id.* at 908. `

Respondent cites to *Henderson* and argues that this Court should also dismiss the habeas petition in this case because petitioner raises identical issues that are subject to the pending

2

litigation in the Southern District of New York.  In *Grullon v. Ashcroft*, 374 F.3d 137, 140 (2d Cir. 2004), the Second Circuit held that a second § 2241 habeas petition that is filed when a petitioner has a pending § 2241 petition should be construed as a motion to amend the first § 2241 petition.  *See also Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (finding that district court should have construed *pro se* habeas petition as a motion to amend pending habeas petition); *Motley v. Rapelje*, No. 10-13132, 2011 WL 4905610, at *1 (E.D. Mich. Oct. 13, 2011) ("If a *pro se* habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.") (citations omitted).  In this case, as described above, petitioner's first § 2241 habeas petition that challenges whether his convictions should run concurrently has not been decided by the Southern District of New York.  *See Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[F]or a petition to be second or successive within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of a proceeding that counts as the first.  A petition that has reached *final* decision counts for this purpose.") (internal quotation marks and citations omitted) (emphasis in original).  Accordingly, the habeas petition that petitioner has filed in this Court is construed as a motion to amend his pending habeas petition filed in the Southern District of New York.  Therefore, the Court will transfer the habeas petition to the Southern District of New York so that it can be docketed as a motion to amend that pending habeas petition.

## IV.     CONCLUSION

For the foregoing reasons, the habeas petition shall be transferred to the Southern District of New York.  An appropriate order will be entered.


DATED:   January 5, 2014

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge